**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4880**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

AVERY MYRON LAWTON,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (2:96-cr-00153-RAJ-4)

_____

Submitted:  March 30, 2012         Decided:  April 25, 2012

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Rodolfo Cejas,
Assistant Federal Public Defender, Carolina S. Platt, Appellate
Attorney, Norfolk, Virginia, for Appellant.  Laura Pellatiro
Tayman, Assistant United States Attorney, Newport News,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Myron Lawton appeals the thirty-six-month sentence of imprisonment imposed by the district court following revocation of his supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Lawton's sentence is plainly unreasonable. Counsel challenges the sentence's procedural reasonableness on the ground that the district court failed to explain its reasons for running the thirty-six-month revocation sentence consecutive to a state sentence when both arose from the same conduct. Counsel also questions whether the thirty-six-month sentence is substantively unreasonable because it is greater than necessary in light of the 18 U.S.C. § 3553(a) (2006) factors that the district court was required to consider. Lawton, informed of his right to file a pro se supplemental brief, has not done so. The Government has declined to file a responsive brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we must first consider whether it is unreasonable. Id. at 438. In making this determination,

we follow "the procedural and substantive considerations that we employ in our review of original sentences," id. but with "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657. A sentence is plainly unreasonable if it runs afoul of clearly settled law. United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

We find Lawton's challenge to the procedural reasonableness of his sentence unavailing. The district court meaningfully entertained the arguments of the parties as to whether the revocation sentence should run consecutive or concurrent to the state sentence, and elected to impose a consecutive sentence. See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.3(f), p.s. (2010) (stating revocation sentence should be consecutive to any sentence the defendant is serving, regardless of whether both sentences resulted from same conduct). Although a more explicit explanation of its decision on this aspect of the sentence might be preferable, we find the district court's overall explanation sufficient and the sentence procedurally reasonable, especially in light of the command of USSG § 7B1.3(f).

Lawton also challenges the substantive reasonableness of his sentence. Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal Sentencing Guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). Chapter Seven provides that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b). Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Among the omitted factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

After reviewing the transcript of the sentencing hearing, we conclude that the district court's observations regarding the serious nature of Lawton's state offense were relevant to other, required considerations, including "the nature and circumstances of the offense and the history and

characteristics of the defendant," adequately deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The district court also considered Lawton's failure to abide by the terms of his supervised release, a factor relevant to the breach of the court's trust. We conclude that in light of the district court's articulation of factors specifically listed in § 3583(e), consideration of other factors did not render Lawton's sentence plainly unreasonable.

Accordingly, as Lawton's sentence is not plainly unreasonable, we affirm the judgment below. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lawton in writing of his right to petition the Supreme Court of the United States for further review. If Lawton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lawton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED